Rodríguez, Demandante y Apelado, *v.* Bosch Hermanos, Demandados y Apelantes.

Apelación procedente de la Corte de Distrito de Guayama en pleito sobre desahucio.

No. 3062.—Resuelto en diciembre 14, 1923.

Desahucio—Término del Arrendamiento—Prueba del Término.—Cuando el alquiler fijado es mensual se entiende que el arrendamiento es por meses, de acuerdo con el artículo 1484 del Código Civil, e incumbe al demandado en desahucio probar la existencia de un término mayor.

Id.—Prueba Circunstancial.—La parte que sostiene una conclusión apoyándose para ello en prueba circunstancial debe demostrar que tal prueba es incompatible con otras teorías razonables.

Id.—Duda Sobre la Duración del Arrendamiento—Interpretación del Contrato de Arrendamiento.—El artículo 1256 del Código Civil que regula la transmisión de derechos cuando existe duda al interpretar contratos, no tiene aplicación alguna a una situación donde una parte sostiene cierta duración del arrendamiento y la otra alega una distinta. El artículo 1256 es particularmente más aplicable a un caso donde se ha convenido o dado por supuesto las palabras, expresiones o actos y se pide a la corte que interprete su significación.

Id.—Alegación de la Capacidad de la Demandada—Jurisdicción—Error no Perjudicial.—Cuando a pesar de que la demanda no establece categóricamente la capacidad de la demandada, ésta comparece y no promueve la cuestión jurisdiccional, el error no es perjudicial por lo que es de aplicación el artículo 142 del Código de Enjuiciamiento Civil.

Id.—Tácita Reconducción.—Un demandado en desahucio no puede levantar la cuestión de tácita reconducción, cuando el emplazamiento le fué servido antes de vencerse los primeros quince días del mes.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. R. Rivera Zayas y A. M. Villamil.*

Abogado del apelado: *Sr. M. A. Martínez.*

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

Convenimos en substancia con la opinión y sentencia de

la Corte de Distrito de Guayama en esta acción de desahucio. El apelado tenía en concepto de arrendatorio un almacén en el campo, que subarrendó a la sociedad demandada para despalillar y almacenar su tabaco durante la cosecha de 1921-1922, y necesario para ese fin. En el mes de agosto de 1922 convinieron las partes en que la demandada debía continuar en posesión del almacén pagando el mismo canon de arrendamiento, o sea, $100 mensuales. La controversia principal en este caso fué sobre la duración del término del nuevo contrato.

La corte inferior, después de analizar la prueba, resolvió que el artículo 1484 del Código Civil era aplicable. Dicho artículo prescribe lo siguiente:

"Si nó se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, por meses cuando es mensual, por días cuando es diario.

"En todo caso cesa el arrendamiento, sin necesidad de requerimiento especial, cumplido el término."

Por tanto, si existía un plazo fijado para el arrendamiento la sociedad demandada estaba en la obligación de probarlo, pues de otro modo la renovación debe considerarse como hecha por un término mensual. En este caso, como declaró probado la corte inferior, hubo un verdadero conflicto de prueba. El demandante declaró de un modo terminante tendente a establecer el hecho de haber arrendado él el almacén a la demandada hasta aquella fecha en que lo necesitara, y un miembro de la sociedad Bosch Hermanos declaró en igual sentido categórico que el nuevo término era para permitir a la firma demandada recoger la cosecha de 1922-1923. La corte, sin embargo, declaró probado que Angel Bosch, al notificársele el emplazamiento, manifestó que él dejaría el sitio tan pronto como encontrara otro, manifestación que la corte creyó era incompatible con la existencia del término respecto al cual ha insistido la sociedad apelante. La apelante alega que estaba sostenida

por otros testigos pero la corte declaró que sus manifestaciones fueron vagas y poco satisfactorias, conclusión que no vemos haya ninguna razón para atacar. Como hemos dicho, incumbía a la demandada el demostrar la existencia de un término mayor a satisfacción de la corte sentenciadora.

También llama la atención la apelante a las circunstancias como demostrativas de una renovación para la cosecha de 1923. Lo mismo que en otros casos de prueba circunstancial, la parte que sostiene una conclusión debe demostrar que la prueba es incompatible con otras teorías razonables. La versión del demandante respecto a la tolerancia del uso hasta que él necesitara el almacén no es una teoría irrazonable.

También sostiene la apelante que el artículo 1256 del Código Civil es aplicable. Ese artículo dispone lo siguiente:

"Art. 1256.—Cuando absolutamente fuere imposible resolver las dudas por las reglas establecidas en los artículos precedentes, si aquéllas recaen sobre circunstancias accidentales del contrato, y éste fuere gratuito, se resolverán en favor de la menor transmisión de derechos e intereses. Si el contrato fuere oneroso, la duda se resolverá en favor de la mayor reciprocidad de intereses."

Pero esta cláusula ciertamente no tiene aplicación alguna a una situación donde una parte sostiene cierta duración del arrendamiento y la otra alega una distinta. El artículo 1256 es particularmente más aplicable a un caso donde se ha convenido o dado por supuesto las palabras, expresiones o actos y se pide a la corte que interprete su significación.

Aunque no es la cuestión principal en este caso, el segundo señalamiento sugiere algunas dudas. La demanda contenía las siguientes palabras:

"1. Que el demandante es mayor de edad y la demandada hace negocios en el pueblo de Cayey bajo el nombre de Bosch Herma-

nos sin que conste al demandante que hayan constituído legal-
mente una sociedad mercantil.''

Sostiene la apelante que en la demanda no se determi-
naba la capacidad de la demandada. A esta objeción con-
testó la corte diciendo que si bien no se probó la existencia
de Bosch Hermanos como entidad jurídica, existía la pre-
sunción, Ley de Evidencia, artículo 102, párrafo 28, de que
las personas que se conducen como socios tienen celebrado
un contrato social. Pero la objeción se refería a la ale-
gación y no a la prueba aducida al juicio. La alegación es
susceptible, sin embargo, de alegar muy vagamente la exis-
tencia de una entidad, una sociedad corriente en Puerto
Rico. Se aceptó el emplazamiento y la demandada com-
pareció y no discutió la jurisdicción adquirida por la corte
sino que simplemente formuló excepción previa. Conside-
rada esta alegación citada y dada la falta de la demandada
en poner en duda la jurisdicción, daremos aplicación al ar-
tículo 142 del Código de Enjuiciamiento Civil, el cual es
como sigue:

''Art. 142.—En cualquier estado de un pleito la corte no to-
mará en cuenta algún error o defecto en las alegaciones o proce-
dimientos que no afecten a lo esencial de los derechos de las partes,
y no se revocará o invalidará ningún fallo por razón de dicho
error o defecto.''

Toda vez que a la apelante se notificó el emplazamiento
en este caso antes de vencerse los primeros 15 días del mes,
no podía levantarse la cuestión de tácita reconducción.

No vemos que se haya cometido abuso de discreción al
imponer las costas y debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Aso-
ciados Aldrey, Hutchison y Franco Soto.