CARMELO CESANÍ VARGAS, peticionario, *v.* TRIBUNAL SU-
PERIOR DE PUERTO RICO, SALA DE MAYAGÜEZ, HON. ROGE-
LIO FERNÁNDEZ GARZOT, JUEZ, demandado.

*Número:* C-64-77 *Resuelto:* 12 de abril de 1965

*Andrés Ruiz, Jr.*, abogado del peticionario; *José Sabater*, abogado de los demandantes en el pleito principal.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

En 21 de octubre de 1963, Ursula Teillard Cristy y otros, presentaron demanda de accesión ante la Sala de Mayagüez del Tribunal Superior, contra Carmelo Cesaní Vargas.

Alegaron los demandantes ser dueños en común proindiviso de un solar ubicado en la Calle Cristy de la ciudad de Mayagüez; que dicho solar lo ocupa el demandado en concepto de arrendatario con una casa de su propiedad; que con el objeto de hacerla suya los demandantes han hecho tasar dicha casa por materiales y mano de obra resultando tener un valor de $3,206.65; que los demandantes están dispuestos a consignar dicha suma de dinero y que de ella se deduzca cualquier suma que el demandado pueda adeudar al Tesoro Insular en concepto de contribuciones sobre la propiedad. Ter-

mina la demanda con la súplica de que se dicte sentencia decretando; (1) que los demandantes tienen derecho a hacer suya la casa del demandado edificada en solar propiedad de aquéllos, (2) que los demandantes están dispuestos a consignar en el Tribunal el valor de tasación de la edificación ya mencionada o la suma que el Tribunal determine, (3) que una vez sea firme la sentencia que se dicte y se consigne el valor de la casa por los demandantes, se ordene el desalojo de dicha casa por el demandado y si se negare a ello, se ordene su lanzamiento por el Alguacil, (4) que se descuente de la cantidad consignada las contribuciones sobre la propiedad que debiere el demandado, y (5) que se condene al demandado al pago de las costas y honorarios de abogado.

El demandado fue emplazado el día 23 de octubre de 1963 y varios días después contestó la demanda aceptando algunos hechos y negando otros. Como defensas especiales alegó que la interposición de la acción no era de buena fe ya que el propósito perseguido por los demandantes era el de obligarle a pagar un canon mayor.

Después de algunos incidentes el demandado radicó una moción solicitando la desestimación de la demanda alegando que no procedía la accesión porque el solar estaba sujeto a un contrato de arrendamiento.

El Tribunal de instancia declaró con lugar dicha moción en 15 de mayo de 1964 y concedió 10 días a los demandantes para enmendar su demanda. El mismo día 15 los demandantes radicaron en el pleito un escrito mediante el cual y para evitar tecnicismos legales notificaban al demandado, por conducto de su abogado, que daban por terminado el contrato verbal de arrendamiento vencedero cada mes. Tres días después, o sea, en 18 de mayo, radicaron los demandantes una demanda enmendada alegando los mismos hechos alegados en la demanda original a excepción de que incluyeron además una alegación al efecto de que en 15 de mayo notificaron al demandado que daban por terminado el contrato de arrenda-

miento. La súplica de esta demanda enmendada es igual a la súplica de la demanda original.

Alegando que la demanda enmendada no aducía hechos constitutivos de una causa de acción, el demandado solicitó su desestimación. Esta moción fue declarada sin lugar y se concedió término al demandado para contestar.

Para revisar los procedimientos expedimos un auto de *certiorari.*

Sostiene el peticionario que el Tribunal de instancia incidió (a) al conceder término a los demandantes para enmendar la demanda original, (b) al considerar válida la notificación de la terminación del arrendamiento hecha mediante moción notificada al abogado del demandado y no a éste personalmente, y (c) al resolver que no hubo tácita reconducción.

Examinaremos conjuntamente los errores señalados.

 Se trata en este caso de un contrato verbal de arrendamiento hecho por tiempo indeterminado. Sin embargo, como las partes fijaron un alquiler mensual, el arrendamiento se entiende hecho por meses. Art. 1471 Código Civil (31 L.P.R.A. sec. 4092) ; *Rodríguez* v. *Bosch Hermanos,* 32 D.P.R. 602 (1923) ; *Pueblo* v. *Carrasquillo,* 58 D.P.R. 176 (1941) ; *Roselló Hnos.* v. *Figueroa,* 74 D.P.R. 432 (1953) ; *Toro* v. *Mojica,* 79 D.P.R. 630 (1956).. "En todo caso,—dispone el mismo artículo 1471—cesa el arrendamiento, sin necesidad de requerimiento especial cumplido el término." Por lo tanto, cuando el arrendamiento es de mes a mes, el arrendador puede darlo por terminado al finalizar cualquier mes. *Roselló Hnos.* v. *Figueroa,* supra. *Toro* v. *Mojica,* supra. Si al terminar el contrato (en este caso al finalizar el mes) permanece el arrendatario disfrutando quince días de la cosa arrendada, se entiende que hay tácita reconducción por el término establecido en el Art. 1456 del Código Civil a menos que haya precedido requerimiento.

■ La reconducción no es en puro derecho una prórroga del contrato primitivo porque por disposición expresa de la ley el arrendamiento cesa o concluye al cumplirse su término sin necesidad de requerimiento especial.([1]) Por lo tanto, vencido el término el contrato primitivo queda extinguido. No obstante la reconducción produce su renovación. Es un nuevo contrato que se deriva de la presunción del consentimiento tácito de los contratantes fundada en dos hechos básicos: la permanencia por 15 días del arrendatario en el disfrute de la cosa arrendada y la aquiescencia del arrendador. Para que no haya reconducción, el arrendador debe manifestar su no aquiescencia a que el arrendatario continúe en la cosa arrendada. Por eso es indispensable el requerimiento a que se refiere el Art. 1456 del Código Civil. Este requerimiento, que deberá hacerse antes de que transcurran quince días a partir de la fecha de extinción del contrato primitivo, es una negación del consentimiento del arrendador para la renovación de dicho contrato.

Examinemos ahora los hechos de este caso para determinar si medió el requerimiento indispensable para evitar la renovación del contrato mediante tácita reconducción.

■ El demandado fue emplazado personalmente el día 23 de octubre de 1963 entregándosele además del emplazamiento una copia de la demanda de accesión en la que como ya sabemos, los demandantes ejercitaban su derecho de hacer suya la casa del demandado y además solicitaban su desalojo. Es evidente que desde esa fecha los demandantes negaron su aquiescencia a que el demandado continuara en el disfrute de la propiedad al finalizar el mes de octubre de 1963, fecha del vencimiento del contrato de mes a mes. La notificación de la demanda al demandado destruye la presunción de que el demandado continuó en el disfrute de la propiedad a partir del primero de noviembre de 1963 con la aquiescencia de los

---

([1])Arts. 1455 y 1471 del Código Civil (31 L.P.R.A. secs. 4062 y 4092).

arrendadores. Por lo tanto, faltando el consentimiento de éstos no pudo surgir a la vida un nuevo contrato de arrendamiento. No hubo tácita reconducción a pesar de que el demandado continuó en la posesión de la cosa arrendada ya que medió, para evitarla, el indispensable requerimiento. *Rodríguez* v. *Bosch Hnos.*, supra; Sentencia del Tribunal Supremo de España de 6 de febrero de 1934. (²) En su consecuencia, la notificación hecha al abogado del demandado dentro del pleito de accesión dando por terminado el arrendamiento era innecesaria.

■ El ataque del demandado a la demanda fundado en que el contrato de arrendamiento no ha vencido, no debe prosperar. En este caso, el contrato venció y nada impide a los demandantes ejercitar su derecho de accesión. *Toro* v. *Mojica*, 79 D.P.R. 630, 633 (1956).

Ahora bien, tanto la demanda original como la enmendada persiguen una dualidad de propósitos; el primero obtener el título de dominio sobre la casa, y el segundo adquirir su posesión mediante el desalojo del demandado.

■ El Art. 12 de la Ley de Alquileres Razonables, (³) según enmendado por la Ley Núm. 67 de 19 de junio de 1964, hace obligatoria para el arrendador la prórroga del contrato de arrendamiento y dicha prórroga es aplicable también a solares dados en arriendo y en los cuales existen edificaciones pertenecientes a dueño distinto al del solar. El Art. 12A de dicha ley establece excepciones a la prórroga obligatoria del contrato de arrendamiento y faculta al arrendador para negarla en los casos allí enumerados.

La demanda enmendada no alega ninguna de las excepciones que autoricen a los demandantes a negar la prórroga

---

(²) Tomo 212, pág. 508 de la *Revista General de Jurisprudencia y Legislación*.

(³) 17 L.P.R.A. sec. 192.

y en su consecuencia a promover el desahucio. (⁴) Ello es así indudablemente porque hasta que los demandantes no adquieran título de dominio sobre la edificación del demandado no pueden valerse de las excepciones establecidas en el Art. 12A, con el propósito de desalojar al demandado, derecho que pueden ejercitar, de tenerlo, en una acción independiente.

Ello no obstante, los demandantes pueden proseguir la presente acción a los únicos fines de reclamar el título de dominio por accesión de la casa edificada en su solar.

*No siendo errónea la resolución del Tribunal de instancia declarando sin lugar la moción para desestimar la demanda enmendada, se anula el auto expedido y se devuelve el caso para ulteriores procedimientos no incompatibles con esta opinión.*

_____
(⁴) El Art. 12H de la Ley de Alquileres evita que se evada la prórroga involuntaria mediante la interposición de acciones que tengan como resultado final el desalojo del inquilino, y entre las acciones que menciona se encuentra la de accesión.