*541 TEXTO COMPLETO DE LA SENTENCIA
Se apela una sentencia emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, que denegó una demanda instada por el apelante Juan Ortiz Cano, et ais. (en adelante Ortiz Cano), sobre incumplimiento específico de un alegado contrato verbal de opción a compra de una propiedad.
El tribunal declaró con lugar la reconvención de la “apelada Nora Gutiérrez Ramos (en adelante Gutiérrez Ramos), sobre un contrato verbal de arrendamiento de la referida propiedad, entre las partes litigantes.
En su dictamen, el foro de instancia ordenó el pago sobre las mejoras realizadas por el apelante Ortiz Cano, a la propiedad de la apelada, en compensación.
Inconforme con tal determinación, el apelante acude ante nos alegando en síntesis, primero, que incidió el tribunal de instancia al apreciar la prueba que se presentó y decretar que no existió el contrato de opción o promesa de compraventa, de la propiedad. Como segundo error, alega el apelante que incidió el foro de instancia al resolver que le adeudaba por concepto del arrendamiento a la propiedad de la apelada Gutiérrez Ramos, la suma de $31,475 bajo un canon de arrendamiento de $950 mensuales, el cual no fue acordado por las partes. Además, al proceder a compensar dicha cuantía, con las mejoras hechas a la propiedad según valoradas en $30,384.00. Como tercer error, alega el apelante Ortiz Cano que incidió el foro de instancia, al no aplicar la doctrina de tácita reconducción.
*542 Se confirma la sentencia apelada, en cuanto a la reconvención; no obstante, se revoca en cuanto al cómputo fijado de compensación y se devuelve al Tribunal de Primera Instancia, para que determine el cómputo de lo adeudado por concepto de cánones de arrendamiento, según el valor razonable del uso del local, luego de vencido el contrato de arrendamiento verbal.
I
Surge de los hechos determinados por el tribunal de instancia de la prueba que tuvo ante sí, que Heriberto Gutiérrez Díaz era el dueño de la propiedad ubicada en CC-18 de la urbanización Santa Juanita de Bayamón, la cual estaba registrada a nombre de su hija Nora Gutiérrez Ramos. (T.E., págs. 83 y 137.)
Una vez los Gutiérrez se mudaron a la urbanización Jardines de Caparra, la propiedad de Santa Juanita fue arrendada a distintas personas para ser utilizada con fin comercial. Uno de tales arrendatarios, le hizo como mejoras a la propiedad, un estacionamiento en el área del frente. (T.E., págs. 85; 125-126.)
Para el 1986, las partes litigantes acordaron mediante un contrato verbal el arrendamiento de la propiedad para uso comercial. (T.E., pág. 86.) Según la prueba testifical creída por el tribunal, el arrendamiento fue por un término de diez (10) años con un canon de arrendamiento de $325 mensuales los primeros cinco (5) años y los restantes, sería de $350.00. (T.E., págs. 86-88; 130.)
No obstante el canon de arrendamiento pactado, el apelante Ortiz Cano sólo pagó el canon de $325 mensuales y nunca aumentó el pago a $350 mensuales luego de los primeros cinco (5) años del arrendamiento, según lo habían acordado las partes. Sobre tales extremos, el apelado Gutiérrez Díaz declaró en la vista que el apelante siempre pagó $325 mensuales y “nunca” pagó el canon de arrendamiento de $350 mensuales, según lo acordado. (T.E, pág. 87.)
Desde el 26 de mayo de 1994, Gutiérrez Ramos le requirió extrajudicialmente al apelante el pago del canon de $350 mensuales, según lo acordado en el contrato verbal de arrendamiento. Hasta la fecha de presentarse la demanda, el 13 de junio de 1996, el apelante Ortiz Cano continuó pagando la mensualidad de $325 mensuales, como canon de arrendamiento de la propiedad. (T.E., pág. 88.)
Luego de varios incidentes al respecto, en marzo de 2000, la apelada le requirió al apelante Ortiz Cano, firmar un contrato de arrendamiento de la mencionada propiedad por el canon de $750 mensuales, por el primer año y de renovarse el mismo se aumentaría a $950.00. El apelante no firmó el contrato según fue intimado por la apelada, el cual aumentaba el canon mensual según antes expresado. (T.E., págs. 89-91.)
La prueba testifical de la apelada sostuvo que, aunque si bien es cierto que se le ofreció al apelante la venta de la propiedad, nunca se habló de precio. Además, Ortiz Cano manifestó que no podía comprar la propiedad porque; “[...] ahora no tengo chavos, que no tengo chavos. ” (T.E., págs. 30; 93-95.)
El Tribunal de Primera Instancia resolvió que procedía el pago de los cánones de arrendamiento del contrato que había dejado de pagar el apelante Ortiz Cano. Que a su vez a éste, se le compensara por la suma total de las mejoras que realizó en la propiedad por la cantidad de $30,384.00. Por lo cual, la deuda real a favor de la apelada Gutiérrez Ramos al dictarse la sentencia fue de $1,091.00. El foro de instancia concluyó de la prueba que tuvo ante sí, que no existió un contrato verbal de opción a compra de la propiedad, según alegaba el apelante Ortiz Cano.
La deuda por los cánones de arrendamiento al momento de dictarse la sentencia se computó a razón de $950 mensuales, aumentando ala cantidad de $31,475.00. Las mejoras realizadas a la propiedad por el apelante Ortiz Cano, aceptada por el tribunal según el testimonio del tasador presentado, fueron de $30,384.00. (T.E., págs. 118-119.) Según el informe pericial del tasador, la propiedad fue tasada con las mejoras que se habían hecho para el *543 2002, en $155,000.00. (T.E., pág. 153.)
Con tales conclusiones, el foro de instancia dictó sentencia e inconforme con tal dictamen, el apelante Ortiz Cano acude ante nos.
II
Esbozados los hechos según determinados por el foro apelado, procedemos a exponer la norma jurídica que procede a la controversia presentada, según los errores alegados.
A
Aspectos generales sobre los contratos
Los contratos son negocios jurídicos que existen desde que concurren los requisitos de consentimiento, objeto y causa, y desde ese momento, producen obligaciones que tienen fuerza de ley entre las partes contratantes. Arts. 1213 y 1044 de Código Civil, 31 L.P.R.A. sees. 3391 y 2994; Bosques Soto v. Echevarría, opinión de 13 de septiembre de 2004, 2004 J.T.S. 158, págs. 232; Master Concrete Corp. v. Fraya S.E., 152 D.P.R. 616, 624-625 (2000).
Los contratos son fuente de obligaciones que se perfeccionan desde que las partes contratantes consienten voluntariamente a su cumplimiento. Las partes contratantes no solamente se obligan a lo pactado, sino también a toda consecuencia que sea conforme a la buena fe, al uso y a la ley. Art. 1210 de Código Civil, 31 L.P.R.A. see. 3375; López Torres v. González, opinión de 12 de noviembre de 2004, 2004 J.T.S. 179, pág. 417; Amador v. Conc. Igl. Univ. de Jesucristo, 150 D.P.R. 571, 582 (2000).
Nuestro más alto foro ha resuelto que los contratos tienen fuerza de ley entre las partes, las cuales tienen que cumplir con lo acordado,-siempre y cuando no seviole la ley, la moral ni el orden público,-Ai. 1207 de Código Civil, 31 L.P.R.A. see. 3372; Jarra Corporation v. Axxis Corporation, opinión de 30 de noviembre de 2001,2001 J.T.S. 167, pág. 488.
B
Contratos verbales
Los contratos serán obligatorios, cualesquiera sea la forma que se hayan celebrado, siempre que concurran las condiciones esenciales para su validez. Al. 1320, Código Civil, 31 L.P.R.A. see. 3451. Véase, VELCO v. Industrial Serv. Apparel, 143 D.P.R. 243, 250 (1997).
Un contrato de arrendamiento no tiene que constar escrito, siempre que cumpla con los requisitos esenciales de objeto, consentimiento y causa, y no sea contrario a la ley, a la moral u orden público. Art. 1431 de Código Civil, 31 L.P.R.A. see. 4031 et seq. El que no se haga un contrato por escrito lo que causa es un aspecto probatorio sobre su validez y contenido, el cual tiene que ser dilucidado por el foro judicial. Cf. Vila & Hnos., Inc. v. Owen Ill. de P.R., 117 D.P.R. 825, 834 (1986). Véase, además, Master Concrete Corp. v. Fraya, S.E., supra.
C
El contrato de opción
En nuestra jurisdicción, aunque el contrato de opción no está regulado por el Código Civil, se constituye cuando una parte llamada concedente, le cede a la otra llamada optante, por tiempo fijo y en determinadas condiciones, la facultad exclusivamente a su arbitrio de decidir respecto a la celebración de un contrato principal. Véase, J. Puig Brutau, Fundamentos de Derecho Civil, Barcelona, Ed. Bosch, 2da. Ed., 1982, T. II-2, pág. 50; Irizarry López v. García Cámara, opinión de 27 de noviembre de 2001, 2001 J.T.S. 164, pág. 455; Atocha Thom *544 McAn, Inc. v. Registrador, 123 D.P.R. 571, 583 (1989).
Si el optante decide ejercer la opción, surge la obligación de parte del concedente de vender y de parte del optante de comprar, la cosa objeto del contrato. Atocha Thom McAn, Inc. v. Registrador, supra, pág. 584; Rosa Valentín v. Vázquez Lozada, 103 D.P.R. 796, 810-811 (1975).
El derecho de opción se extingue mediante el ejercicio positivo, quedando entonces perfeccionado el contrato aceptado. Ahora bien, se extingue, sin efecto positivo, si se deja transcurrir el plazo acordado para ejercer la opción sin hacer ninguna manifestación o haciendo alguna, que tenga la eficacia de renunciar a tal derecho. Mayagüez Hilton Corp. v. Betancourt, opinión de 19 de febrero de 2002,2002 J.T.S. 29, pág. 753.
D
Incumplimiento de los contratos
Una vez perfeccionado un contrato, las partes están obligadas a su cumplimiento por lo expresamente pactado. Art. 1210 del Código Civil, supra; González v. Sucn. Cruz, opinión de 10 de diciembre de 2004, 2004 J. T.S. 201, pág. 509; López Torres v. González, supra, pág. 417.
Ante el incumplimiento de la otra parte de la obligación esencial del contrato, no una mera condición accesoria o complementaria, el perjudicado puede exigir su cumplimiento específico o su equivalente económico. Asimismo, dicha paite afectada podría pedir resarcimiento por los daños causados por el incumplimiento del contrato. Art. 1077, Código Civil, 31 L.P.R.A. see. 3052; Ramírez v. Club Cala de Palmas, 123 D.P.R. 33, 347-348 (1989); Hernández v Padilla, 142 D.P.R. 989, 994 (1997); José Puig Brutau, Fundamentos de Derecho Civil, Tomo I, Vol. II, 4ta. Ed., Bosch, Barcelona, 1988, págs. 439-446.
E
El derecho del arrendatario respecto a las mejoras y la compensación
En los contratos de arrendamientos, el Código Civil reconoce que el arrendatario no tendrá derecho a indemnización por las mejoras útiles o de recreo que le haga a la propiedad arrendada, aunque puede retirarlas sin detrimento de los bienes. Arts. 416 y 1463, Código Civil, 31 L.P.R.A. see. 1527 y 4070; véase, Cf. Castro Anguita v. Figueroa, 103 D.P.R. 847, 852-854 (1975).
Se ha reconocido que son mejoras útiles aquéllas que sin ser necesarias, aumentan la capacidad de rendimiento de la propiedad arrendada y por ser voluntarias, el que las realiza no tiene derecho a reembolso. Marchand v. Montes, 78 D.P.R. 138, 139 (1955).
Por otro lado, la figura de la confusión de los derechos de acreedor y deudor o compensación, es una de las causas de extinción de las obligaciones. Arts. 1110 y 1149, Código Civil, 31 L.P.R.A. sees. 3151 y 3221. Dicha figura se usa para simplificar las relaciones jurídicas entre aquellos que están recíprocamente obligados sobre dos deudas vencidas, líquidas y exigibles. Walla Corp. v. Banco Com. de Mayagüez, 114 D.P.R. 216, 220 (1983). El Artículo 1149 del Código Civil dispone que la compensación tendrá lugar cuando personas por derecho propio sean recíprocamente acreedoras y deudoras la una de la otra. Cuando ello ocurre, ya sea por ley, por acuerdo o por mandato judicial, se ordenará que se extinga la deuda en la suma concurrente al acreedor preferente. 31 L.P.R.A. see. 3221; Ramos v. Caparra Dairy, Inc., 116 D.P.R. 60, 65 (1985).
F
La tácita reconducción
En su Artículo 1456, el Código Civil reconoce que si al terminar un contrato de arrendamiento, el arrendatario *545 continúa detentando la propiedad por quince (15) días después de vencido, con aquiescencia del arrendador, se entiende que hay tácita reconducción. El término del nuevo contrato será según lo convinieron las partes ya sea por años si el canon fue anual, o por meses, cuando se pactó por meses. 31 L.P.R.A. see. 4063; Cesaní Vargas v. Tribunal Superior, 92 D.P.R. 239, 243 (1965).
Para que opere la tácita reconducción deben ocurrir tres requisitos:

El primero, que al terminar el contrato de arrendamiento permanezca el arrendatario disfrutando por quince días de la cosa arrendada. Segundo, que lo haga con aquiescencia del arrendador. Tercero, que no haya precedido requerimiento, o sea, expresión hecha por cualquiera de las partes a la otra de su voluntad de dar por terminado el arrendamiento. ”

Dalmau v. Hernández Saldaña, 103 D.P.R. 487, 490 (1975).
Nuestro más alto foro ha dicho que dado por terminado un contrato de arrendamiento, el arrendador tiene “derecho a reclamar del arrendatario el valor razonable del uso del local [...].” Riera v. Pizá, 85 D.P.R. 268, 278 (1962); Duchesne Landrón v. Ruiz Arroyo, 102 D.P.R. 699, 703 (1974).
III
Alcance de la revisión judicial
En apelación, no se intervendrá con las determinaciones de hechos y la adjudicación de credibilidad efectuada por el tribunal en ausencia de error manifiesto, pasión, prejuicio o parcialidad. Lugo Ortiz v. Mun. de Guayama, opinión de 29 de octubre de 2004, 2004 J.T.S. 171, pág. 349; Rodríguez Báez v. Nationwide Insurance Company, opinión de 18 de abril de 2002, 2002 J.T.S. 61, pág. 1013.
El tribunal de instancia es el que tiene la oportunidad de oír y ver declarar a los testigos y apreciar su comportamiento, por lo que está en mejor posición de aquilatar la prueba. Le corresponde al juzgador de los hechos dirimirlo y adjudicar los conflictos de prueba que se presenten en el juicio y su determinación goza de gran deferencia al ser revisada en apelación. Regla 43.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill; Ortiz Malavé v. Meaux, opinión de 4 de abril de 2002, 2002 J.T.S. 47, pág. 929; Flores v. Soc. de Gananciales, 146 D.P.R. 45, 49 (1998).
IV
Aplicación de la norma jurídica
Expuesta la norma jurídica, procedemos a resolver el recurso según los errores presentados por el apelante Ortiz Cano.
A
Como primer error, alega el apelante que incidió el foro de instancia al resolver que no existió entre las partes contrato de opción o promesa de compraventa de la propiedad.
El error no fue cometido.
Surge de la prueba testifical que Gutiérrez Ramos acordó con Ortiz Cano el arrendamiento de la propiedad por el período de diez (10) años, a partir del 1986; por lo tanto, vencía para el 1996. Los primeros cinco (5) años se acordó un canon mensual de arrendamiento de $325 y los subsiguientes de $350 mensuales. El ordenamiento civil dispone que las partes pueden llegar a acuerdos verbales y que una vez éstos sean probados, los tribunales pueden ordenar su cumplimiento específico.
*546 El foro de instancia le dio entera credibilidad al apelado, sobre el hecho que las partes habían llegado a un acuerdo verbal sobre el arrendamiento de la propiedad. Además, que aunque si bien era cierto que el apelado y su hija Gutiérrez Ramos le ofrecieron la venta de la propiedad a Ortiz Cano en varias ocasiones, no se había podido acordar precio alguno y éste no había aceptado tales ofertas, por falta de dinero.
Por lo tanto, de la prueba testifical que tuvo el foro de instancia ante sí, se podía concluir que las partes no habían acordado precio cierto del objeto a venderse, en este caso la mencionada propiedad. Que el apelante (alegado optante), nunca había aceptado la oferta de compraventa por no tener medios económicos para llevarla a cabo. El apelante no dio su consentimiento verbal, para configurar- el contrato de opción o promesa de compraventa.
En resumen, el contrato de opción o promesa de compra verbal, según la prueba creída por el tribunal, nunca fue acordado.
B
Como segundo error, alega el apelante que incidió el tribunal de instancia al resolver que le adeudaba cánones de arrendamiento al apelado y compensar con las mejoras realizadas a la propiedad, utilizando como canon de arrendamiento la cantidad de $950 mensuales, el cual no fue acordado por las partes.
Del análisis mesurado de la transcripción de la vista, surgen las determinaciones hechas por el foro de instancia sobre la validez del contrato verbal de arrendamiento entre las partes litigantes, como antes expresamos. La credibilidad que le confirió el juzgador de los hechos a la prueba testifical presentada por las partes, no puede ser sustituida en apelación, excepto en aquellos casos que se demuestre que el tribunal actuó con pasión, prejuicio o parcialidad al emitir su dictamen. El apelante no ha aprobado que el foro de instancia actuara bajo tales circunstancias al evaluar la prueba que tuvo ante sí y al emitir su sentencia.
Ahora bien, el foro de instancia utilizó para el cómputo de los cánones de arrendamiento adeudados por el apelante, la cantidad de $950 mensuales. (Ap. 32, Sentencia TPI, pág. 9.) Es un hecho indiscutible que las partes no pudieron ponerse de acuerdo para firmar el contrato escrito de arrendamiento del 2000, donde se fijaban los cánones de arrendamiento de $750 mensuales el primer año y $950 mensuales al renovarse. No hubo consentimiento del apelante para configurar el contrato de arrendamiento escrito con un nuevo canon de arrendamiento mensual de $950 y, por ende, no podía éste, existir de manera unilateral y ordenarse su cumplimiento.
Ante tales circunstancias, es claro que el contrato de arrendamiento vigente entre las partes era el contrato verbal que fijaba el canon mensual en $350.00. Por lo tanto, incidió el foro de instancia al computar la compensación bajo el canon mensual de $950 mensuales, hasta la fecha de dictarse la sentencia. El canon mensual de arrendamiento de $950 nunca fue acordado por las partes litigantes.
Aunque entendemos que procede la figura de compensación por tratarse de dos personas, el apelante Ortiz Cano y la apelada Gutiérrez Ramos, que son acreedoras y deudoras recíprocamente, dado que la parte apelada Gutiérrez Ramos no cuestionó dicha parte de la sentencia, el cómputo debe ser realizado bajo el canon de arrendamiento mensual, según el valor razonable del uso del local.
C
En cuanto al tercer error alegado por el apelante Ortiz Cano, que procede que se aplique la figura jurídica de la tácita reconducción, basta con señalar que de la prueba creída por el tribunal surge que la apelada le había requerido un nuevo contrato de arrendamiento al apelante.
Por lo tanto, la voluntad de la apelada Gutiérrez Ramos era dar por terminado el arrendamiento verbal y ante *547 ello, no se cumple el requisito legal de la tácita reconducción. La tácita reconducción no procede en derecho si el arrendador manifiesta y requiere, por su voluntad, terminar el contrato de arrendamiento. La apelada Gutiérrez Ramos le había requerido al apelante que desalojara la propiedad, ante la negativa de éste de firmar el contrato de arrendamiento. Por lo tanto, la apelada como arrendadora, le había manifestado al apelante Ortiz Cano su voluntad de dar por terminado el contrato.
El error no fue cometido.
y
Se confirma la sentencia dictada por el Tribunal de Primera Instancia respecto a la reconvención, se revoca exclusivamente en cuanto al cómputo fijado sobre la compensación y se devuelve a dicho foro para que determine el cómputo de lo adeudado por concepto de cánones de arrendamiento, según el valor razonable del uso del local, luego de vencido el contrato de arrendamiento verbal.
Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.
Laura M. Vélez Vélez
Secretaria del Tribunal de Apelaciones