Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL IX**

| | | |
|---|---|---|
| Juan A. Ramos Díaz<br><br>Demandante-Apelado<br><br>vs.<br><br>Ana M. Cosme<br><br>Demandada-Apelante | KLAN202300024 | **APELACIÓN**<br>procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Civil Núm.: HU2022CV01257<br><br>Sobre: Desahucio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Ronda del Toro y la Jueza Díaz Rivera.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparece ante nos, la señora Ana M. Cosme (Sra. Cosme o apelante), quien presenta "Petición de Apelación" en el que solicita la revocación de la "Sentencia" emitida el 9 de diciembre de 2022 y reducida a escrito el 14 de diciembre de 2022 por el Tribunal de Primera Instancia, Sala Municipal de Humacao.[1]  En el referido dictamen, el Tribunal apelado declaró ha lugar la demanda sobre desahucio presentada por el señor Juan Antonio Ramos Díaz (Sr. Ramos Díaz o apelado).

El 11 de enero de 2023 ordenamos la paralización de los procedimientos posteriores a la sentencia y le concedimos termino a la parte apelada para que exprese su postura en torno al recurso. Contando con la comparecencia de ambas partes y luego de examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, confirmamos el dictamen por los fundamentos que expondremos a continuación.

---

[1] Notificada el 28 de diciembre de 2022.

Número Identificador

SEN2023 _____

**I.**

El recurso ante nosotros tiene su génesis en el 8 de septiembre de 2022 cuando el Sr. Ramos Díaz presentó una "Demanda", al amparo del Art. 620 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2821, solicitando al Tribunal *a quo* que ordene el desalojo de la Sra. Cosme de un inmueble propiedad del apelado. Éste se localizaba en Costa Verde #24, Palmas del Mar, Humacao, Puerto Rico. Según se alegó en la demanda, la propiedad estaba arrendada a la Sra. Cosme desde 2014 y el contrato de arrendamiento había vencido el 30 de junio de 2015. Destacó que deseaba sacar el inmueble del mercado de alquileres y que la Sra. Cosme, luego de que se le solicitara, se negó a desalojar.

Por su parte la Sra. Cosme esgrimió, primeramente, que hasta la fecha en que se presentó la "Demanda" ésta estaba realizando y el Sr. Ramos Díaz aceptando los pagos mensuales de renta, por lo cual aplicaba la tacita reconducción del contrato original de arrendamiento. También señaló que, como parte del contrato de arrendamiento se pactó una cláusula de opción de compra y que la Sra. Cosme informó de antemano su intención en adquirir la propiedad alquilada, conforme a las condiciones de la opción.

Tras varias incidencias procesales el 9 de diciembre de 2022, el Tribunal de Primera Instancia, celebró la vista en su fondo del caso de autos. Luego de celebrada la vista, el Tribunal *a quo* emitió la "Sentencia" objeto del presente recurso. En la "Sentencia" hizo las siguientes determinaciones de hechos:

> *1. La parte demandante es propietaria de la residencia que ubica en Costa Verde #24, Palmas del Mar, Humacao, Puerto Rico conforme Escritura otorgada el 15 de diciembre de 2021.*
>
> *2. La demandada arrendó la propiedad en el 2014.*

*3. Conforme el contrato de arrendamiento en el 2014 otorgado entre Spiral Holdings como arrendador y la demandada como arrendadora [sic], la vigencia establecida fue de un (1) año con prórroga de un (1) año adicional.*

*4. El contrato de arrendamiento otorgado para ese entonces contempló, además, una opción de compra con cláusulas específicas entre las partes en caso de que la arrendadora [sic], aquí demandada, la ejercitara.*

*5. A la fecha de la radicación de la demanda que nos ocupa no existía contrato vigente entre las partes.*

*6. La demandada desea ejercitar la opción de compra conforme lo dispuesto en el contrato de 2014 el cual está vencido.*

*7. El demandante le ha requerido a la demandante que desaloje la propiedad y esta se ha negado.*

*8. La demandada presentó demanda por incumplimiento de contrato, Caso Civil Núm. HU2022CV01561. El demandante no ha sido emplazado.*

El Tribunal de Primera Instancia declaró entonces Ha Lugar la demanda, ya que: 1) el Sr. Ramos Díaz tiene derecho a disfrutar del inmueble, 2) el cual lo ocupa la parte apelante sin que haya un contrato entre las partes, y 3) que tampoco se pudo establecer un conflicto de título con relación la propiedad.

Insatisfecha la Sra. Cosme, presentó el recurso ante nuestra consideración y señaló la comisión del siguiente error:

*Primer Error: Erró el Honorable Tribunal de Primera Instancia, al dictar Sentencia ordenando el desahucio de la demandada apelante por no existir contrato entre las partes.*

**II.**

**A.**

La acción de desahucio es un procedimiento de carácter sumario, que responde al interés del Estado de atender con prioridad la causa de acción del dueño de un inmueble, que ve interrumpido su derecho a poseer y disfrutar de su propiedad. *Turabo Ltd. Partnership v. Velardo Ortiz,* 130 DPR 226, 234-235 (1992); *Mora Dev. Corp. v. Sandín,* 118 DPR 733, 749 (1987). El

propósito principal de esta acción es aligerar en lo posible la recuperación de la posesión de hecho de una propiedad inmueble, mediante el lanzamiento o expulsión de un arrendatario o precarista que la detente, sin cumplir con las condiciones acordadas sobre el canon de arrendamiento o sin tener derecho a permanecer en su disfrute o posesión. *Fernández & Hno. v. Pérez,* 79 DPR 244, 247 (1956). Por lo tanto, el desahucio no es una de las formas de terminar el arrendamiento, sino un medio de recobrar judicialmente la cosa inmueble arrendada, cuando aquel se acaba por la concurrencia de ciertas causas extintivas. *Mora Dev. Corp. v. Sandín, supra,* pág. 741 n.6. Ello, sin negar al demandado las garantías constitucionales de presentar sus defensas. *Turabo Ltd. Partnership v. Velardo Ortiz, supra,* pág. 234.

El Art. 620 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2821, dispone que los dueños de una finca, sus apoderados, usufructuarios o cualquier otro que tenga derecho a disfrutarla, así como sus causahabientes tienen "acción para promover el juicio de desahucio". *Íd.* Dicha acción procede contra "inquilinos, colonos y demás arrendatarios, los administradores, encargados, porteros o guardas puestos por el propietario en sus fincas, y cualquier otra persona que detente la posesión material o disfrute precariamente, sin pagar canon o merced alguna". 32 LPRA sec. 2822.

**B.**

Bajo el Código Civil de 1930, en el contrato de arrendamiento, una parte se obliga a dar a la otra el goce o uso de una cosa por tiempo determinado y precio cierto. Art. 1433 del Código Civil de 1930, 31 LPRA sec. 4012. Cuando el arrendamiento es por un tiempo determinado, el Art. 1455 del Código Civil de 1930 dispone que, el arrendamiento "concluye el día prefijado sin necesidad de requerimiento". 31 LPRA sec. 4062.

Como excepción, si al "terminar el contrato permanece el arrendatario disfrutando 15 días de la cosa arrendada, con aquiescencia del arrendador, se entiende que hay tácita reconducción **por el tiempo que establecen los Arts. 1467 y 1471**, a menos que haya precedido requerimiento". Art. 1456 del Código Civil de 1930, 31 LPRA sec. 4063 (énfasis nuestro).

En *Dalmau v. Hernández Saldaña,* 103 DPR 487, 490 (1973) el Tribunal Supremo explicó que, para que opere la tacita reconducción tiene que concurrir tres requisitos. Primero, que, **al terminar el contrato, el arrendatario permanezca disfrutando de la cosa arrendada por 15 días**. *Id.* Segundo, que **lo haga con la aquiescencia del arrendador, ósea con el cometimiento tácito o expreso del arrendador.** *Id.* págs. 489-490. Por último, **que no haya precedido requerimiento**, que exprese la voluntad de cualquier parte en dar por terminado el contrato. *Id.* pág. 490. Cuando el requerimiento es de parte del arrendador se destruye la presunción de que éste consintió tácitamente a la reconducción. *Id.* La tacita reconducción constituye un nuevo contrato que, está sujeto a iguales condiciones y a igual canon que el anterior excepto que el vencimiento que queda sustituido por el término que marca la ley. *Id.;* véase también *Vilcar Builders v. ELA,* 192 DPR 256, 261-262 (2015). Para negar su consentimiento a la renovación del contrato de arrendamiento, el arrendador debe hacer el requerimiento antes de que transcurran los 15 días siguientes a la extinción del contrato primitivo. *Cesaní Vargas v. Tribunal Superior,* 92 DPR 239, 243 (1965).

En lo pertinente al caso ante nuestra consideración el Art. 1471 del Código Civil de 1930 dispone que:

> *Si no se hubiese fijado plazo al arrendamiento, se entiende hecho por años cuando se ha fijado un alquiler anual, **por meses cuando es mensual**, por días cuando es diario.* [. . .]

31 LPRA sec. 4092 (énfasis nuestro).

Por su parte, el Art. 1331 del Código Civil de 2020 dispone en "el contrato de arrendamiento, el arrendador se obliga a ceder temporalmente al arrendatario el uso y disfrute de un bien a cambio de un precio cierto". 31 LPRA sec. 10101. La duración del contrato puede ser de duración determinada o indeterminada, pero en el arrendamiento de inmuebles, salvo pacto al contrario, se considera celebrado por el término de un año. Art. 1332 y 1333, Código Civil de 2020, 31 LPRA secs. 10102 y 10103. Sobre la duración de un contrato ya concluido el Art. 1335 dispone, en lo pertinente, que "[llegado] el plazo convenido en el arrendamiento, este continua en los mismos términos contratados **hasta que cualquiera de las partes notifique a la otra su voluntad de resolver el contrato**". 31 LPRA sec. 10105.

Los comentaristas del Código Civil de 2020 han indicado que la introducción del Art. 1335 del, *supra,* a nuestro ordenamiento **derogó la tácita reconducción.** El memorial explicativo del borrador explicó:

> ***La norma aquí adoptada destierra del ordenamiento nuestro la tácita reconducción.*** *Una vez concluye el arrendamiento y el arrendatario permanece en la posesión del bien sin ningún requerimiento especial del arrendador,* ***la relación contractual queda renovada en los mismos términos y, por tanto, no existen los plazos supletorios que aplican (Artículos 1467 y 1471) según la normativa del Código Civil de 1930.*** *[. . .] El texto adoptado expresa claramente la necesidad de efectuar un requerimiento resolutorio, es decir, que hay necesidad de realizar un acto afirmativo que anuncie la intención de resolver, aunque el anuncio no requiera formalidad especial.* [. . .]
>
> M. Garay Aubán (compilador), <u>IV Código Civil de Puerto Rico 2020 y su historial legislativo</u>, págs. 396-396 (2da ed. 2021) (Énfasis nuestro).

A esos efectos, "**de permanecer el arrendatario en posesión del bien sin requerimiento del arrendador, el contrato se renueva en los mismos términos del contrato**

**original** y contrario a la tácita reconducción no surge un contrato nuevo, **con una duración más limitada**". L. Muñiz Argüelles, M. Fraticelli Torres y otros, <u>El Código Civil de Puerto Rico de 2020:</u> primeras impresiones, pág. 308 (2021) (Énfasis nuestro).

### III.

En su único señalamiento de error, el apelante planteó que erró el Tribunal de Primera Instancia al concluir que no existía un contrato entre las partes, cuando debió considerar operante la doctrina de la tacita reconducción. El apelante planteó argumentos bajo ambos Códigos Civiles. Argumentó primero que, de aplicar a la controversia el Código Civil de 1930, se reprodujo la reconducción del contrato hasta el 30 de junio de 2023. Señaló que, había llegado el 30 de junio del 2022 y pasando el 15 de julio del 2022 sin que el peticionario notificara la intención de cancelar el arrendamiento y que en cambio aceptó el pago por el mes completo. De aplicar el Código Civil de 2020 entendió que interpretados en conjunto el Art. 1333, *supra,* y Art. 1335, *supra,* se debe entender que, como no hubo un pacto, el contrato fue reconducido por un año. No le asiste la razón, veamos por qué.

Por último, la parte apelante argumentó que mientras ocupaba la propiedad, aún vigente el contrato y antes de que se le haga un requerimiento de desalojar, ésta en febrero de 2022 solicitó ejercer su derecho de opción acordado en el contrato de arrendamiento. Por tanto, la apelante entendió que procede el ejercicio de la opción de compra pactada.

**Según surge de la sección 2 del contrato de arrendamiento, las partes pactaron que la vigencia de éste fue de un (1) año con prórroga de un (1) año adicional**, por lo cual, conforme a los términos del contrato de arrendamiento, este tenía

una vigencia máxima hasta el 30 de junio 2016.[2]  En la sección 3

del contrato, la apelante se comprometió a:

> *For the term of this Lease, Lessee shall pay as rental charge the total amount of $36,000 for the first year, payable in monthly installments in advance, on or* before the first day of each month in the amount of *$3,000.00 each at the address specified in the Notice Section hereof.*[3]

A su vez la sección 30 del contrato de arrendamiento, las

partes pactaron:

> *The Lessor grants the Lessee a right of first refusal to purchase the property at a sales price of Seven Hundred Thousand Dollars ($700,000.00), during the duration of the lease (One year renewable for an additional year/ 12 months). If the tenant exercises the right of first refusal during the term of this contract (One year renewable for an addition year 112 months) the Lessor will credit $1,000 for each paid month during this Lease Agreement.*[4]

**Por tanto, las partes acordaron que la Sra. Cosme tenía el derecho de opción de compra del inmueble arrendado, vigente durante el termino de contrato, entiéndase 12 meses y prorrogable por 12 meses adicionales.**

En síntesis, en el contrato de arrendamiento firmado entre las partes en 2014 se acordó: 1) arrendar la propiedad objecto de la acción de desahucio a la apelante; 2) que el contrato tendrá una vigencia de un año con la posibilidad de prorrogar el mismo por uno adicional, 3) que durante el plazo de vigencia la Sra. Cosme tendría un derecho de opción de compra y 4) fijó **un alquiler mensual de $3,0000**.  Así las cosas, pasó el 15 de julio de 2016 y la apelante permanece en la propiedad arrendada hasta el día de hoy.  En estas circunstancias entendemos que, **desde el 15 de julio de 2016** estaba operando el Art. 1456 del Código Civil de

---

[2] La referida sección dispone:
*The term of this Lease shall be for Twelve (12) months commencing on July 1, 2014 and ending on June 30, 2015. This Lease shall be extended automatically for an additional one-year period at the end of such term, unless at least thirty (30) days prior to the expiration of this agreement, Lessee gives Lessor written notice of Lessee's intention to vacate the premises upon the expiration of the term of this agreement. The extension term shall be subject to the same terms and conditions contained herein except that the rental payment shall be renegotiated.* [. . .]  *Véase* el Apéndice del Recurso, pág. 6.
[3] Véase el Apéndice del Recurso, pág. 6
[4] *Id.,* pág. 12.

1930, *supra.* Es decir, **el contrato en cuanto al arrendamiento fue tácitamente reconducido. Renovándose tal contrato** con las mismas condiciones, y conforme al **Art. 1471 del Código Civil de 1930** sujetó a un plazo mensual. Visto que, el plazo del contrato original era mensual y que al expirar el mismo sin requerimiento de las partes, estábamos ante un escenario donde operaba la tacita reconducción mes a mes.

Este estado de las cosas cambió con la derogación del Código Civil de 1930. **Como ya discutimos, los cambios introducidos al Código Civil de 2020 el cual eliminó la tacita reconducción de nuestro ordenamiento**. Bajo el Art. 1335 del Código Civil de 2020, *supra,* los contratos de arrendamiento continúan hasta que una parte haga el requerimiento de resolver el contrato. 31 LPRA sec. 10105. Por lo que**, el contrato tácitamente reconducido, vigente al 28 de noviembre de 2020, no fue nuevamente renovado, sino que conforme al Art. 1335, *supra,* al haber transcurrido el plazo, éste continuó. Ahora bien, el 18 de julio de 2022 el Sr. Ramos Díaz solicitó desalojo de la propiedad vía correo certificado,[5] quedando ahí resuelto el contrato y cesando el derecho de uso y disfrute de la Sra. Cosme sobre la propiedad arrendada. Por ende, el Tribunal de Primera Instancia no erró al concluir que a la fecha de la radicación de la demanda no existía contrato vigente entre las partes**.

De igual forma, **la parte apelante no puede acogerse al derecho de opción de compra para preservar su derecho a permanecer en la propiedad.** Entendemos que, según lo pactado entre las partes, el derecho de opción tenía una vigencia máxima hasta el 30 de junio 2016. Por lo que la apelante no puede reclamar dicha opción.

---

[5] Véase el Apéndice del Recurso, pág. 65.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de esta Sentencia, confirmamos la "Sentencia" emitida por el Tribunal de Primera Instancia, Sala Municipal de Humacao. Se deja sin efecto la paralización de los trámites, y devolvemos el caso para que se continúen los procedimientos conforme a esta determinación.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones