ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MANUEL PORRO-VIZCARRA Y OTROS<br><br>Apelante<br><br>v.<br><br>ÁREA LOCAL DE DESARROLLO LABORAL DEL NOROESTE, ALDL T/C/C CONSORCIO DEL NOROESTE Y OTROS<br><br>Apelado | KLAN202400639 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Número: AG2022CV00909<br><br>Sobre: Cobro de Dinero – Ordinario y Otros |

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Rivera Marchand y el Juez Rodríguez Casillas

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparecen ante esta Curia, Manuel Porro-Vizcarra y Eduardo Dávila Carrión (apelantes) y solicitan que revoquemos la *Sentencia* que notificó el Tribunal de Primera Instancia, Sala Superior de Aguadilla (TPI o foro primario), el 3 de junio de 2024.[1] En ella, el foro primario desestimó sumariamente la causa de acción de epígrafe sobre cobro de dinero e incumplimiento de contrato.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen recurrido. Veamos.

**I.**

El presente litigio dio inicio el 17 de junio de 2022 con una *Demanda* sobre cobro de dinero, incumplimiento de contrato, enriquecimiento injusto y daños económicos que los apelantes instaron en contra del Área Local de Desarrollo Laboral del Noroeste, ALDL t/c/c Consorcio del Noroeste (Área Local o apelado) y demás codemandados.[2]

---

[1] Apéndice, págs. 172-185.
[2] Apéndice, págs. 1-16. Los demás codemandados son los municipios de Rincón, Aguadilla, Isabela, Aguada, Añasco, Moca, San Sebastián, y sus respectivos

Número Identificador

SEN2024_____

Surge del expediente que, el Área Local y el Lcdo. Eduardo Dávila Carrión otorgaron el 30 de septiembre de 2020 un Contrato de Servicios Profesionales, Contrato núm. 2021-000003, mediante el cual se le asignó un máximo de $27,000.00 ó 270 horas por sus servicios de consultoría, a razón de $100.00 cada hora, con vigencia desde el 1 de octubre de 2020 hasta el 30 de junio de 2021, mientras no se agoten los fondos.[3] De otra parte, mediante el Contrato de Servicios Profesionales, Contrato núm. 2021-000004, otorgado el 13 de octubre de 2020, el Área Local asignó al Lcdo. Manuel Porro-Vizcarra un máximo de $25,840.00 ó 136 horas por sus servicios de asesoría legal, a razón de $190.00 cada hora, vigente desde el 13 de octubre de 2020 hasta el 30 de junio de 2021, mientras no se agoten los fondos.[4]

Como parte de sus alegaciones los apelantes arguyeron que, el Área Local adeuda $9,800.00 al Lcdo. Dávila Carrión y $22,855.46 al Lcdo. Porro-Vizcarra por concepto de los servicios profesionales prestados y no pagados desde marzo hasta junio de 2021. Lo antes, por virtud de unas enmiendas otorgadas la primera semana de marzo de 2021, entre los apelantes y el Sr. Samuel Sánchez, entonces director ejecutivo del Área Local, que identificaban las partidas de donde se pagarían los servicios profesionales. Cabe destacar que, los apelantes reconocieron en la *Demanda* que las referidas enmiendas no fueron presentadas y registradas en la Oficina del Contralor de Puerto Rico (OCPR).[5]

El apelado acreditó su alegación responsiva[6] y en ella admitió que, durante el periodo de contratación, los contratos entre las

---

alcaldes; Heida Enid Colón Vientos, su esposo David Medina y la sociedad legal de bienes gananciales por ellos compuesta, además de la Junta Local de Desarrollo Laboral del Noroeste.
[3] Entrada núm. 34 en el expediente electrónico del portal del Sistema Unificado de Manejo y Administración de Casos (SUMAC) del Poder Judicial.
[4] Apéndice, págs. 107-121.
[5] Apéndice, pág. 4.
[6] Apéndice, págs. 22-44.

partes fueron objeto de renovaciones y enmiendas.[7] Sin embargo expuso que, por tratarse de contratos públicos, el Artículo 1 de la Ley Núm. 18 de 30 de octubre de 1975, según enmendada, 2 LPRA sec. 97, requiere que los contratos y sus enmiendas sean registradas en la OCPR para ser exigibles.

Así las cosas, el 11 de enero de 2024, el Área Local instó un petitorio sumario[8] y expuso que el asunto ante la consideración del foro primario es uno de estricto derecho, toda vez que no existe controversia en cuanto a la falta de registro de tales enmiendas ante la OCPR, producto de lo cual, los apelantes no ostentan derecho alguno a exigir el pago de las sumas reclamadas. Sostuvo que, proceder con los reclamos de los apelantes -sin que mediara una enmienda al acuerdo por escrito debidamente registrada- constituiría una contratación retroactiva con el Estado, prohibida por el Tribunal Supremo en *Vicar Builders v. ELA et al.,* 192 DPR 256, 266-268 (2015). Sobre tales bases, el Área Local solicitó en su petitorio sumario la desestimación de la demanda de epígrafe.

En igual fecha, el apelado instó una *Solicitud de paralización del descubrimiento de prueba.*[9] En ella expuso que, no constan registrados en la OCPR enmiendas a los contratos de servicios profesionales objeto de este litigio, autorizando el cobro de las facturas que reclamaron los apelantes. Basado en lo anterior, y en aras de evitar mayores gastos y dilaciones, solicitó la paralización del descubrimiento de prueba. Analizado lo anterior, el foro primario se negó a paralizar, por lo que, el descubrimiento de prueba siguió su curso.

---

[7] Apéndice, pág. 25.

[8] Apéndice, págs. 45-72. Junto a su petitorio sumario incluyó los siguientes documentos: Anejo 1: Acuerdo Intermunicipal para constituir el Consorcio del Noroeste (ALDLN); Anejo 2: Certificación de la Oficina del Contralor otorgada el 17 de julio de 2018; Anejo 3: Certificación de la Oficina del Contralor otorgada el 13 de octubre de 2020; Anejo 4: *Detail Encumbrance Ledger* del Lcdo. Eduardo Dávila Carrión; Anejo 5: Enmienda a Contrato de Servicios Profesionales suscrita el 4 de junio de 2019; y Anejo 6: Enmienda a Contrato de Servicios Profesionales suscrita el 30 de octubre de 2019.

[9] Apéndice, págs. 128-130.

Cabe señalar que, en atención a las diversas mociones dispositivas que instaron los demás codemandados, el TPI desestimó la causa de epígrafe con respecto a los municipios de Rincón, Aguadilla, Isabela, Aguada, Añasco, Moca, San Sebastián, y sus respectivos alcaldes; Heida Enid Colón Vientós, su esposo David Medina y la sociedad legal de bienes gananciales por ellos compuesta, además de la Junta Local de Desarrollo Laboral del Noroeste.[10] Por consiguiente, la reclamación prosiguió únicamente en contra del Área Local.

Con posterioridad y en reacción a la solicitud de sentencia sumaria instada por el Área Local, el 25 de enero de 2024, los apelantes instaron una *Oposición a presentación de moción de sentencia sumaria por prematura.*[11] Allí, los apelantes hicieron constar que, durante una vista sobre el estado de los procedimientos, el TPI les concedió hasta el 30 de abril de 2024 para finiquitar el descubrimiento de prueba. Debido a que el referido término no había vencido, unido a que el Área Local no les había provisto los documentos requeridos, los cuales entendían eran indispensables para oponerse adecuadamente al petitorio sumario, solicitaron al TPI la denegatoria de la moción dispositiva del apelado, hasta tanto puedan descubrir la prueba interpelada. Añadieron que, conforme a lo resuelto en *López v. Miranda,* 166 DPR 546 (2005), procede dictar sentencia sumaria, luego de un adecuado descubrimiento de prueba que produzca evidencia suficiente para establecer una causa. A esos efectos, identificaron 30 documentos

---

[10] Véase, las sentencias parciales correspondientes que notificó el TPI el 18 de octubre de 2022; 19 de enero de 2023 y 14 de marzo de 2023, en las que se ordenó la desestimación de la acción instada, respectivamente. Puntualizamos que, esta Curia confirmó los referidos dictámenes en los recursos KLCE202201251 (acogido como apelación), KLAN202300134 y KLAN202300315, ninguno de los cuales fue objeto de revisión ante el Tribunal Supremo.

[11] Apéndice, págs. 133-142.

que consideran esenciales y que el Área Local no les había entregado.[12]

En su *Réplica a "Oposición a Presentación de Moción de Sentencia Sumaria por Prematura",* el Área Local discutió que el asunto a dilucidar es de estricto derecho, no sobre insuficiencia de la prueba como intentaron representar los apelantes.[13] Argumentó que, en atención a lo resuelto en *Vicar Builders v. ELA et al.,* supra, pág. 264, los apelantes debieron ejercer un rol más activo al contratar con una entidad gubernamental y asegurarse de que se cumplieron los requisitos formales aplicables.

En respuesta, los apelantes respondieron en su *Dúplica a "Réplica a "Oposición a Presentación de Moción de Sentencia Sumaria por Prematura" y Oposición A "Solicitud de Orden para que se entienda sometida sin oposición la sumaria"* que, el descubrimiento de prueba que solicitaron va dirigido a establecer que los contratos otorgados entre las partes constituyen negocios jurídicos legalmente válidos y exigibles, sin que su reclamación se limite a dilucidar si tales acuerdos fueron o no registrados ante la OCPR.[14] Con relación a los méritos de la controversia fundamentaron que, según resolvió el Tribunal Supremo en *Lugo Ortiz v. Municipio de Guayama,* 163 DPR 208, 219 (2004), los tribunales están impedidos de decretar la nulidad de un contrato municipal meramente porque este no fue registrado ante la OCPR.

---

[12] Entre otros, copia de todos los contratos y sus enmiendas suscritos entre el Área Local y los apelantes desde el 2017 hasta el 2021; copia de los contratos, propuestas, evaluaciones, facturas, desembolsos y requerimiento de propuestas de todos los asesores legal, profesional y técnico, realizados entre el año 2020 y el 30 de junio de 2023; notificaciones del registro de tales contratos ante la OCPR; protocolos, reglamentos y comunicaciones internas relacionadas a la contratación de servicios profesionales; comunicaciones internas y modificaciones trimestrales relacionadas al plan, presupuesto y peticiones de fondos para los años 2020-2023; expediente personal de Heida Enid Colón Vientos y cualquier comunicación suya relacionada a la denegatoria de los pagos aquí reclamados; comunicación relacionada a la denegatoria de pago de las facturas del Lcdo. Dávila Carrión y su justificación; documentos que sustenten la no procedencia de las facturas pendientes de pago del Lcdo. Porro-Vizcarra y cualquier comunicación advirtiéndole sobre el particular. Apéndice, págs. 138-141.
[13] Apéndice, págs. 143-152.
[14] Apéndice, págs. 153-160.

A lo antes, el Área Local reaccionó y aseguró que no cuestiona la validez de los contratos núm. 2021-000003 y 2021-000004, más bien, que resalta la inexistencia de unas enmiendas a tales contratos perfeccionadas legalmente por lo que no procede la acción instada en su contra.[15] Además, discutió que lo resuelto en *Lugo Ortiz v. Municipio de Guayama,* supra, no aplica al presente caso debido a que las partes pactaron expresamente en la QUINTA cláusula su obligación de asegurarse de que el contrato fue debidamente registrado en la OCPR, antes de prestar servicios.[16]

Vencido el término para completar el descubrimiento de prueba y pendiente la adjudicación de la *Moción de Sentencia Sumaria,* las partes conjuntamente imploraron al TPI convertir la conferencia con antelación a juicio, pautada para el 11 de junio de 2024, en una vista sobre el estado de los procedimientos.[17]

Evaluados los escritos de las partes, el foro primario notificó la *Sentencia* apelada, el 3 de junio de 2024. En su dictamen, el foro *a quo* hizo constar que los apelantes incumplieron con las formalidades de la Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, y con ello, se arriesgaron a que su oposición al petitorio sumario no fuese considerada. Dispuso, además, que los documentos que el Área Local anejó a su petitorio sumario son suficientes para resolver el asunto ante sí, el cual es estrictamente de derecho. De conformidad, concluyó que resultaba innecesario dar paso al descubrimiento de prueba que solicitaron los apelantes.

En el dictamen apelado, el foro primario precisó que los apelantes, al contratar con el Área Local, conocían o debían conocer cuál era el procedimiento para contratar con un ente gubernamental, cuál era el presupuesto asignado para los servicios

---

[15] Apéndice, págs. 161-165.
[16] Cabe señalar que, en referencia a lo antes, el TPI notificó una orden el 14 de febrero de 2024 únicamente en referencia al documento identificado como Entrada 139 de SUMAC, intitulado como *Breve Reacción a Duplica de la Parte Demandante* en la que dispuso que autoriza un escrito y una contestación.
[17] Apéndice, págs. 167-170.

profesionales contratados, cuáles eran los requisitos y las prohibiciones que condicionaban esos fondos y la imposibilidad de obtener un pago retroactivo por servicios prestados. En virtud de lo anterior, el foro apelado dictó la presente sentencia sumaria en la cual desestimó la causa de acción de epígrafe.

En desacuerdo, los apelantes acuden en revisión ante esta Curia y señalan en su recurso la comisión de dos errores, a saber:

> Erró el TPI al desestimar la reclamación de epígrafe por medio de sentencia sumaria sin permitirle a los demandantes presentar una oposición fundamentada en el descubrimiento de prueba que el tribunal aprobó se llevara a cabo, en violación del debido proceso de ley de la parte compareciente.

> Erró el TPI al tomar la "Oposición a la Moción de Sentencia Sumaria por Prematura" presentada por los demandantes como una oposición a la sentencia sumaria.

En cumplimiento con nuestra *Resolución,* notificada el 12 de julio de 2024, el apelado acreditó su alegato en oposición, por lo que, con el beneficio de las comparecencias de ambas partes procedemos a resolver.

**II.**

**A. Sentencia Sumaria**

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no existe controversia real y sustancial de un hecho material que requiera ventilarse en un juicio plenario, por lo cual solo resta aplicar el derecho. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* 2024 TSPR 47, resuelto el 8 de mayo de 2024; *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company,* 2023 TSPR 120, resuelto el 3 de octubre de 2023. Este mecanismo lo puede utilizar la parte reclamante o aquella parte que se defiende de una reclamación.

Reglas 36.1 y 36.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Serrano Picón v. Multinational Life Ins.,* 212 DPR 981, 992 (2023).

Como se sabe, procede dictar sentencia sumaria si se desprende de las alegaciones, deposiciones, declaraciones juradas, contestaciones a interrogatorios, admisiones ofrecidas, entre otros, que no existe controversia real sustancial sobre un hecho esencial y pertinente, y siempre que el derecho aplicable así lo justifique. *González Meléndez v. Mun. San Juan et al.,* 212 DPR 601, 610-611 (2023).

De manera que, en aras de prevalecer, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Segarra Rivera v. Int'l Shipping et al.,* 208 DPR 964 (2022). Por ello, y en lo pertinente al caso ante nos, una parte demandada puede solicitar sentencia sumaria ante la insuficiencia de prueba sobre todos los elementos indispensable de su causa de acción. *Íd.* El promovente de la referida solicitud debe demostrar que: 1) la vista es innecesaria; 2) el demandante no cuenta con evidencia suficiente para probar algún hecho esencial, y 3) como cuestión de derecho procede la desestimación de la reclamación. *Ramos Pérez v. Univisión* 178 DPR 200, 217-218 (2010); *Medina v. M.S. & D. Química P.R., Inc.,* 135 DPR 716 (1994). Para ello, es indispensable que se le haya brindado

al promovido amplia oportunidad para realizar un descubrimiento de prueba adecuado. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Oriental Bank v. Caballero García,* 212 DPR 671, 679 (2023); Regla 36.3 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3.

Nótese que, si el promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas,* 193 DPR 100, 111 (2015). Además, el promovente de una solicitud de sentencia sumaria ha de acompañar su petitorio con prueba de la cual surja preponderantemente la ausencia de controversias sobre los hechos medulares del caso. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company,* supra.

Cabe destacar que, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra, pág. 43. Por el contrario, la Regla 36.3(c) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(c), obliga a quien se

opone a que se declare con lugar esta solicitud a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.* A esos efectos, deberá sustentar con evidencia sustancial los hechos materiales que entiende están en disputa. *Birriel Colón v. Supermercado Los Colobos (Econo Rial, Inc.) e Integrand Assurance Company*, supra.

Por ello, en la oposición a una solicitud de sentencia sumaria, el promovido debe detallar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos, deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3(d) de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(d). En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.*

Cabe puntualizar que, a tenor de la normativa aplicable, si la parte promovida opta por no oponerse al petitorio sumario, conforme a las Reglas de Procedimiento Civil, *supra,* se arriesga a que el TPI dicte sentencia en su contra, **si procede en derecho**. Véase, Regla 36.3(c) de las Reglas de Procedimiento Civil, *supra; León Torres v. Rivera Lebrón,* supra. Entiéndase que, el mero hecho de que la parte promovida no presente una oposición o, de presentarla, no cumple con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* ello no obliga al juzgador de los hechos a automáticamente disponer del asunto por la vía sumaria. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 432 (2013). Lo

antes está sujeto a la sana discreción del Tribunal. *Íd.*, págs. 432-433.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole*, 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su "día en corte", componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* supra. Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd.*

Pertinente a la controversia ante nuestra consideración, nuestro más Alto Foro ha expresado que, el promovido puede derrotar un petitorio sumario demostrándole al tribunal que no ha podido realizar un descubrimiento de prueba adecuado. A esos efectos, habrá de establecer que, la solicitud de sentencia sumaria

es prematura porque el descubrimiento ha sido inadecuado, está a medias o no se ha realizado.

Como es sabido, acoger un petitorio sumario de forma prematura puede tener el efecto de privar a la parte promovida de sus derechos, sin un debido proceso de ley. Las propias Reglas de Procedimiento Civil proveen para que, en el ejercicio de su discreción, el tribunal posponga la evaluación de un petitorio sumario o lo deniegue en esa etapa de los procedimientos, cuando la parte promovida no ha tenido la adecuada oportunidad de conseguir prueba para apoyar alguno de los hechos esenciales que justifican su oposición

En armonía con lo anterior, la Regla 36.6 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36.6, establece lo siguiente:

> [s]i de las declaraciones juradas de la parte que se oponga a la moción resulta que ésta no puede, por las razones allí expuestas, presentar mediante declaraciones juradas hechos esenciales para justificar su oposición, el tribunal podrá denegar la solicitud de sentencia [sumaria] o posponer su consideración, concediéndole a la parte promovida un término razonable para que pueda obtener las declaraciones juradas, tomar deposiciones, conseguir que la otra parte le facilite cierta evidencia o dictar cualquier otra orden que sea justa.

**B. Estándar de revisión apelativa**

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro de instancia. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018); *Meléndez González et al. v. M. Cuebas*, supra, págs. 118-119. En particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de

exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, los foros apelativos nos encontramos en la misma posición que el Tribunal de Primera Instancia y utilizamos los mismos criterios para evaluar la procedencia de una sentencia sumaria. *Cruz Cruz y otra v. Casa Bella Corp. y otros,* supra. Por ello, nuestra revisión es una *de novo,* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* y su jurisprudencia interpretativa. *González Santiago v. Baxter Healthcare,* 202 DPR 281, 291 (2019). De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, debemos revisar *de novo* si el foro primario aplicó correctamente el derecho. *Acevedo y otros v. Depto Hacienda y otros,* 212 DPR 335, 352 (2023).

### C. Ley de Registros de Contratos

El Artículo 1(a) de la Ley de Registros de Contratos, *supra,* obliga a los departamentos, agencias, instrumentalidades, corporaciones públicas, oficinas y a todo organismo del Estado Libre Asociado de Puerto Rico a mantener un registro de los contratos y de las enmiendas que otorgan. Además, les exige remitir copia de estos a la Oficina del Contralor de Puerto Rico, dentro de los quince (15) días contados a partir de su otorgamiento. *A la Orden Shopping, S.E. v. Autoridad de Energía Eléctrica,* 2024 TSPR 14, resuelto el 22 de febrero de 2024. El efecto de incumplir con lo anterior es la falta de exigibilidad de la prestación o contraprestación objeto del contrato. En lo pertinente, el Artículo 1(e) establece:

> [e]n todo contrato sujeto a registro conforme el Artículo 1 de esta Ley se consignará en forma clara y conspicua un aviso que leerá como sigue: "*Ninguna prestación o contraprestación objeto de este contrato podrá exigirse hasta tanto el mismo se haya presentado para registro*

*en la Oficina del Contralor a tenor con lo dispuesto en la Ley Núm. 18 de 30 de octubre de 1975, según enmendada".* (Énfasis en el original.)

**III.**

En su recurso, los apelantes arguyen como primer error que el TPI violentó su debido proceso de ley al desestimar sumariamente la presente causa, sin antes permitirle finalizar el descubrimiento de prueba dirigido a oponerse eficazmente al petitorio sumario del Área Local. De igual manera, señalan que el foro primario incidió al atender su escrito intitulado *Oposición a la moción de sentencia sumaria por prematura* como una oposición a la moción dispositiva del apelado. Además, exponen la jurisprudencia aplicable a los contratos gubernamentales que fundamenta su postura.

En su alegato en oposición, el Área Local discute que el Lcdo. Dávila Carrión no tiene derecho a reclamar facturas que excedan los $27,000.00 que le fueron asignados en el Contrato núm. 2021-000003, en ausencia de una enmienda debidamente registrada ante la OCPR que le otorgue un presupuesto adicional. En cuanto a las facturas cuyo pago reclama Porro-Vizcarra, el apelado argumenta que, estas comprenden servicios prestados que no cumplen con los requisitos para ser pagadas con fondos federales de la ley WIOA y, por tanto, no pueden ser sufragadas, tal cual lo dispone la CUARTA cláusula del contrato de servicios profesionales, Contrato núm. 2021-000004.[18] A su vez reitera el incumplimiento de los apelantes con la QUINTA cláusula del contrato que versa sobre el requisito de registrar el contrato y sus enmiendas ante la OCPR. Además, en esencia, destacan que los apelantes tuvieron amplia oportunidad durante la etapa de descubrimiento de prueba que transcurrieron 144 días entre la fecha de presentación de la Solicitud de Sentencia Sumaria y la notificación del dictamen apelado.

---

[18] Apéndice, págs. 107-121.

Como anteriormente expresamos, para evaluar la determinación del foro primario, y en virtud del deber que nos impone *Meléndez González et al. v. M. Cuebas*, supra, revisamos *de novo* el petitorio sumario y los anejos que instó el Área Local junto a la oposición de los apelantes y los escritos posteriores de ambas partes. Lo anterior, con el propósito de evaluar si el TPI actuó correctamente al desestimar sumariamente la causa de epígrafe, bajo el fundamento de que, los apelantes solo pueden exigir el cumplimiento de lo pactado en los contratos originalmente otorgados.

Destacamos que, los tribunales apelativos estamos en igual posición que el foro sentenciador al revisar un petitorio sumario. En primer lugar, hemos de evaluar si las partes cumplieron con los requisitos de forma que establece la Regla 36 de Procedimiento Civil, *supra.* Realizado el examen de rigor, constatamos que el apelado cumplió con los requisitos de forma que disponen nuestras reglas procesales, no así los apelantes. A pesar de reconocer que, al oponerse al petitorio sumario, los apelantes no acreditaron las formalidades requeridas por la Regla 36, *supra*, somos de la opinión de que su incumplimiento no implica la concesión automática de la sentencia sumaria promovida por el Área Local. *SLG Zapata-Rivera v. J.F. Montalvo,* supra.

Superado lo anterior, hemos evaluado sosegadamente el caso ante nos, *de novo* y colegimos que el foro primario no incidió al resolver la causa por la vía sumaria. Además, en ausencia de controversias medulares, tampoco apreciamos error manifiesto en la aplicación del Derecho en el dictamen apelado. Nos explicamos.

Recordemos que, para que se reconozca la validez y la eficacia de un contrato de servicios profesionales otorgado con una entidad gubernamental, el Tribunal Supremo ha reiterado los requisitos de forma que deben observarse rigurosamente, a saber: (1) que el

acuerdo sea por escrito; (2) que se mantenga un registro fiel que viabilice establecer su existencia; (3) que se remita una copia del contrato a la Oficina del Contralor; (4) que se acredite que el contrato se realizó y otorgó quince (15) días antes. *Vicar Builders v. ELA et al.,* supra, pág. 264.

Cabe puntualizar que, el Área Local sustentó su petitorio sumario en la normativa de *Vicar Builders v. ELA et al.,* supra. En dicho caso, la parte demandante otorgó un contrato de arrendamiento con el Departamento de Justicia que cumplió con todos los requisitos formales aplicables a los contratos gubernamentales. Sin embargo, vencido el término pactado, el Departamento de Justicia permaneció en el inmueble durante más de quince días, con conocimiento de la parte demandante, y sin que ninguna de las partes expresara su intención de dar por finalizado el arrendamiento. Allí, el Tribunal Supremo dictaminó que, ante la imposibilidad de aplicar la figura de la tácita reconducción, por ser esta incompatible con el requisito formal de que el acuerdo con la entidad gubernamental conste por escrito, el contrato entre las partes cesó en la fecha de su vencimiento. Lo antes, con el efecto de que, no existía una relación contractual que permitiese al Estado desembolsar el pago de los cánones adeudados. En su análisis, el Tribunal Supremo reiteró su rechazo a la contratación retroactiva con el Estado, sin que exista una relación contractual válida y exigible, según previamente resuelto en *Alco Corp. v. Mun de Toa Alta,* 183 DPR 530 (2011). Al resolver, nuestro más Alto Foro reiteró el deber de las partes privadas que contratan con el gobierno, de ejercer un rol más activo a modo de evitar situaciones irregulares en las cuales el gobierno se lucre injustificadamente.

Por el contrario, los apelantes mediante la *Dúplica a "Réplica a "Oposición a Presentación de Moción de Sentencia Sumaria por Prematura" y Oposición A "Solicitud de Orden para que se entienda*

*sometida sin oposición la sumaria"* sustentan su oposición al petitorio sumario en lo resuelto por el Tribunal Supremo en *Lugo Ortiz v. Municipio de Guayama,* supra. Dicho caso versa sobre una demanda de incumplimiento de contrato, cobro de dinero y daños y perjuicios que instó la parte demandante en contra del Municipio de Guayama, atinente a un contrato de servicios de consultoría que no fue registrado ni remitido a la OCPR. Lo antes, en contravención con lo dispuesto en el Artículo 8.016 de la Ley Núm. 81 de 30 de agosto de 1991, conocida como la Ley de Municipios Autónomos y en el Artículo 1 de la Ley Núm. 18, *supra.*

En su dictamen, el Tribunal Supremo enfatizó que, las partes privadas han de ejercer un rol más activo al contratar con los municipios, entre otras, que exijan prueba fehaciente de que la entidad gubernamental cumplió con su deber de registrar el contrato entre las partes, antes de realizar alguna prestación, de lo contrario, "se arriesga[n] a asumir la responsabilidad por sus pérdidas." *Lugo Ortiz v. Municipio de Guayama,* supra, pág. 218. Además, resolvió que, la falta de registro del contrato ante la OCPR no lo anula, meramente, impide la exigibilidad de las prestaciones.

En su análisis, el Tribunal Supremo consideró la enmienda a la Ley Núm. 18, *supra,* que ocasionó la aprobación de la Ley Núm. 127 de 31 de mayo de 2004. La referida enmienda establece que, el incumplimiento del registro de contratos dispuesto en la Ley Núm. 18, *supra,* por sí solo, no es causa de nulidad del contrato o negocio jurídico, a los efectos de que no se tenga que realizar el pago del servicio o prestación contratada. Sin embargo, la enmienda también dispone que, hasta tanto no se haya cumplido con el registro del contrato ante la OCPR, no podrá exigirse ninguna prestación o contraprestación.

Destacamos que, distinto a lo que surge de los hechos de *Lugo Ortiz v. Municipio de Guayama,* supra, y de *Vicar Builders v. ELA et*

*al.,* supra, los contratos de servicios profesionales objeto del presente pleito específicamente impusieron a los apelantes la responsabilidad de asegurarse de que el contrato fuese debidamente registrado en la OCPR, antes de prestar servicios. A esos efectos, la referida cláusula dispone:

> ---**QUINTA**: Ninguna prestación o contraprestación objeto de este contrato podrá exigirse por **LA SEGUNDA PARTE** hasta tanto el mismo se haya presentado para registro en la Oficina del Contralor a tenor con lo dispuesto en la **Ley Núm. 18 de 30 de octubre de 1975**, según enmendada. **LA SEGUNDA PARTE** será responsable de asegurarse de que este contrato haya sido debidamente registrado, antes de comenzar a prestar servicios, solicitando copia del contrato registrado con su correspondiente número y fecha de registro. No se continuará dando servicios bajo este contrato luego de transcurrir la fecha de vigencia, a menos que a la fecha de expiración exista una enmienda registrada. No se pagarán servicios hechos en violación a esta disposición. La parte que viole esta disposición lo estará haciendo sin autoridad legal alguna, constituyendo su acción en **ULTRAVIRES**. (Énfasis en el original.)

Entiéndase que, en atención a los requisitos formales que deben observar quienes contratan con un ente gubernamental, y cónsono con las disposiciones del Artículo 1 de la Ley Núm. 18, según enmendada, *supra*, el Área Local y los apelantes pactaron expresamente que estos últimos venían obligados a asegurarse de que todo contrato entre ellos, las enmiendas incluidas, fuese debidamente registrado ante la OCPR, antes de brindar sus servicios. Según los principios de la autonomía contractual, tales acuerdos tienen fuerza de ley entre las partes contrayentes, y estos vienen obligados a observar sus términos. Véase, Artículo 54 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 5421.

Constatamos del *Detail Encumbrance Ledger*[19] del Lcdo. Dávila Carrión que, entre el mes de octubre de 2020 y marzo de 2021, este presentó facturas que agotaron el presupuesto total de $27,000.00, sin evidenciar que existe una enmienda registrada ante

---

[19] Apéndice, pág. 122.

la OCPR que aumentó el monto de su contrato. A sabiendas de lo anterior, continuó brindando sus servicios sin antes procurar cumplir nuevamente con los requisitos formales aplicables a la contratación gubernamental, mediante el otorgamiento de una enmienda que le asignara un presupuesto adicional. Al así actuar, el Lcdo. Dávila Carrión se arriesgó a no poder cobrar el pago de $9,800.00 que reclama, que es en exceso de la cuantía que el Área Local se obligó a pagar mediante el Contrato núm. 2021-000003.

De otra parte, el Lcdo. Porro-Vizcarra prestó servicios profesionales valorados en $22,855.46 que no cumplían con los requisitos para ser sufragados con fondos federales de la Ley WIOA. Lo antes, a pesar de conocer que los servicios bajo el Contrato núm. 2021-000004 serían pagados exclusivamente con fondos de la Ley WIOA. Además, a sabiendas de que no otorgaron una enmienda que cumpliera con los requisitos formales aplicables, a modo de viabilizar el pago de los servicios profesionales facturados.

Cabe puntualizar que, la referida ley federal se aprobó con el propósito de aumentar el acceso y las oportunidades de los individuos -incluyendo aquellos con discapacidades o barreras de empleo- a recibir empleo, educación, adiestramiento y el apoyo necesario para obtener carreras y empleos de alta calidad. 20 C.F.R. §675-100. Constatamos que, las facturas del Lcdo. Porro-Vizcarra que el Área Local se negó a pagar envuelven reclamaciones relacionadas a cánones de arrendamiento, liquidaciones de licencias acumuladas, violaciones de ley, entre otros, las cuales no son materias remunerables con fondos bajo la ley WIOA.

Por todo lo antes colegimos que, las conclusiones a derecho consignados por el TPI resultan aplicables y consistentes con el estado de derecho vigente.

En referencia a lo señalado por los apelantes en torno a la falta de descubrimiento de prueba y presunta violación al debido

proceso de ley, no le asiste la razón. De un examen cuidadoso del expediente observamos que, los apelantes no pusieron en posición al foro primario para denegar el petitorio sumario o para posponer su adjudicación, al amparo de la Regla 36.6 de las Reglas de Procedimiento Civil, *supra,* y de lo resuelto en *López v. Miranda,* supra. Precisamente, en aras de salvaguardar el debido proceso de ley de los apelantes, el TPI permitió la continuación del descubrimiento de prueba hasta su vencimiento, el 30 de abril de 2024, y es luego de expirado el referido término que emitió el dictamen apelado.

En otro asunto, según los apelantes, la *Orden*[20] del TPI negándose a paralizar el descubrimiento de prueba constituía una autorización a los apelantes a presentar su oposición al petitorio sumario, finalizado el descubrimiento de prueba. Interpretaron los apelantes que, el TPI no había considerado el escrito intitulado *Oposición a presentación de moción de sentencia sumaria por prematura* como su oposición al petitorio sumario del apelado y, por tanto, no podía posteriormente actuar de forma inconsistente, sin permitirle oponerse propiamente. Tampoco le asiste la razón.

Si bien es cierto que, el TPI consideró la *Oposición a presentación de moción de sentencia sumaria por prematura* como insuficiente por no cumplir las exigencias de la Regla 36, *supra,* de nuestro examen *de novo* de la causa y del expediente, observamos que, con posterioridad a la presentación de dicha moción, las partes continuaron litigando sus posturas mediante réplica y dúplica. En particular, surge del expediente que, mediante la *Dúplica a "Réplica a "Oposición a Presentación de Moción de Sentencia Sumaria por Prematura" y Oposición A "Solicitud de Orden para que se entienda sometida sin oposición la sumaria"* los apelantes expusieron su postura sobre la controversia de derecho y la aplicación de lo

---

[20] Apéndice, pág. 134.

resuelto por el Tribunal Supremo en *Lugo Ortiz v. Municipio de Guayama*, supra, entre otros, en aras de argumentar sobre las bases para denegar el petitorio sumario presentado por el Área Local.

Estando en igual posición que el foro primario al entender sobre la procedencia de la solicitud de sentencia sumaria, podemos colegir del cuadro procesal antes expuesto que, en este caso contamos con el beneficio de la comparecencia de ambas partes para justipreciar los méritos de la causa. Acogida la *Dúplica* presentada por los apelantes, como su postura fundamentada, en oposición al petitorio sumario, arribamos a la misma conclusión que el foro primario, sobre la adjudicación de la sentencia sumaria, a favor de Área Local, aun por otros fundamentos. Ello, al considerar que, los apelantes sí tuvieron la oportunidad de exponer su oposición a la moción de sentencia sumaria con argumentos en Derecho. Añádase a ello que, los apelantes tampoco nos han puesto en posición de determinar que el foro primario erró al considerar los documentos que obran en el expediente como suficientes para adjudicar el petitorio sumario, en esta etapa de los procesos.

Dentro del marco jurídico antes enunciado, concluimos que el foro primario no incidió al declarar Ha Lugar el petitorio sumario que instó el Área Local y, en su consecuencia, desestimar la demanda de epígrafe sobre cobro de dinero e incumplimiento de contrato. Los errores señalados no se cometieron.

**IV.**

Por todo lo anterior, confirmamos la *Sentencia* apelada, aunque por otros fundamentos consistentes con lo antes expuesto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones